FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 07 2011

GREGORY C. LANGHAM
                    CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00829-BNB

MARTHA MORAN,

    Plaintiff,

v.

STATE FARM INSURANCE CO.,
MARION POTTS, and
ROBYN BRIDGEMAN,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Martha Moran, initiated this action by filing *pro se* a complaint for damages (Doc. #1) stemming from the injuries she suffered in an automobile accident. On June 10, 2011, Ms. Moran filed an amended complaint (Doc. #10). On June 15, 2011, Magistrate Judge Boyd N. Boland ordered Ms. Moran to file a second amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Magistrate Judge Boland specifically advised Ms. Moran that the amended complaint was deficient because she failed to set forth a short and plain statement of the grounds for the court's jurisdiction and she failed to provide a short and plain statement of her claims showing that she is entitled to relief. On July 14, 2011, Ms. Moran filed a second amended complaint (Doc. #14) asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332 over her claims for damages against Defendants.

    On July 28, 2011, Magistrate Judge Boland ordered Ms. Moran to show cause

why this action should not be dismissed for lack of subject matter jurisdiction because she failed to allege facts that demonstrate complete diversity of citizenship. More specifically, although Ms. Moran alleges in the second amended complaint that State Farm Insurance Company is an Illinois corporation, it appears that she and the individual Defendants all are residents and citizens of Colorado. On August 26, 2011, Ms. Moran filed a response (Doc. #17) to Magistrate Judge Boland's show cause order stating that State Farm Insurance Company would be considered a citizen of Colorado for the purposes of the insurance liability claims she is asserting. Ms. Moran then asks in her response whether she can proceed in this Court if the individual Defendants are dropped as parties to this action, explaining that "[l]iability has already been established" and "the primary complaint is regarding the actions of the State Farm employees." (Doc. #17 at 1.) With respect to the State Farm employees, Ms. Moran alleges the following:

> There may be a question of fraud, in handling my claim. This may include a breach of fiduciary duty, violations of the Colorado Consumer Protection Act, Medicare Act under the Public Health and Welfare Title 42. I have also looked into a corporation's vicarious liability for fraud. I can show written proof regarding their actions and state verbal remarks where I was deceived. The Medicare issue is first and for most [sic]. With what has been [sic] transpired up to now not only will I, but Medicare will be defrauded. The amount of $300,000 for past and future medical costs is more than reasonable.

(*Id.*) Finally, Ms. Moran asks that "this case be remanded to a lower court" if the Court lacks subject matter jurisdiction over her claims. (*Id.*)

The Court must construe the documents filed by Ms. Moran in this action liberally because she is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519,

520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a **pro se** litigant like Ms. Moran. **See id.**

The Court notes initially that Ms. Moran's response to Magistrate Judge Boland's show cause order references the possibility of pursuing different claims than the claims she actually asserts in her second amended complaint. However, Ms. Moran has not sought permission to file a third amended complaint and she has not provided the Court with a short and plain statement of any claims she might wish to pursue in a third amended complaint. The Court also cannot provide legal advice or issue an advisory opinion regarding the effect of dropping certain parties as Defendants or the potential claims Ms. Moran may seek to pursue. Therefore, the Court will consider the issue of subject matter jurisdiction only as it pertains to the claims and Defendants set forth in Ms. Moran's second amended complaint.

Pursuant to Fed. R. Civ. P. 12(h)(3), the Court must dismiss an action if the Court lacks subject matter jurisdiction.

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

**Kokkonen v. Guardian Life Ins. Co. of Am.**, 511 U.S. 375, 377 (1994) (citations omitted). Furthermore, the issue of subject matter jurisdiction may be raised sua sponte by the Court at any time during the course of the proceedings. **See McAlester v. United Air Lines, Inc.**, 851 F.2d 1249, 1252 (10th Cir. 1988).

Ms. Moran fails to show cause why this action should not be dismissed for lack of

subject matter jurisdiction because she fails to allege facts that establish complete diversity of citizenship. As Magistrate Judge Boland explained in the show cause order, § 1332(a) provides in relevant part that "[t]he district courts shall have original jurisdiction of all civil actions where the amount in controversy exceeds the sum of $75,000 . . . and is between (1) citizens of different States." Furthermore, diversity jurisdiction exists only if there is complete diversity of citizenship between the parties. **See Owen Equip. & Erection Co. v. Kroger**, 437 U.S. 365, 373-74 (1978) (stating that a federal court has diversity jurisdiction under § 1332(a)(1) to entertain state law claims only when "*each* defendant is a citizen of a different State from *each* plaintiff" and that "diversity jurisdiction is not to be available when any plaintiff is a citizen of the same State as any defendant"). Therefore, because Ms. Moran fails to satisfy her burden of establishing subject matter jurisdiction, the action will be dismissed for lack of subject matter jurisdiction.

The Court finally will address Ms. Moran's request that this action be remanded to a lower court, which the Court construes as a request to transfer this action to a Colorado state court. The request will be denied because, although 28 U.S.C. § 1631 allows for transfers to cure a want of jurisdiction, that statute only allows for transfer from one federal court to another federal court. **See** 28 U.S.C. § 610 (defining the word "courts" to include only federal courts). Accordingly, it is

ORDERED that the complaint, the amended complaint, the second amended complaint, and the action are dismissed without prejudice for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).

DATED at Denver, Colorado, this __6th__ day of ___September___, 2011.

BY THE COURT:

__s/Lewis T. Babcock__
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00829-BNB

Martha Moran
PO Box 6084
Colorado Springs, CO 80934

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on September 7, 2011.

                          GREGORY C. LANGHAM, CLERK

                By: _____
                              Deputy Clerk